Howard Alan Kave, Esq. Town Attorney, Lumberland
You ask whether a town of the second class with a population of less than 1,000 people may employ special policemen.
Section 158 (2) of the Town Law authorizes a town of the second class with a population of at least 1,000 but less than 5,000 people by resolution subject to permissive referendum to employ special policemen. You cite 1977 Op Atty Gen [Inf] 187, which concludes that since the Town of Lumberland had a population of less than 1,000, it could not appoint special policemen under section 158(2) of the Town Law.
While we agree that a town with a population of less than 1,000 people may not employ special policemen under section 158 (2), we believe that their employment may be authorized by local law. Towns are empowered to adopt local laws that are consistent with the Constitution and general laws in relation to their property, affairs or government and in relation to certain enumerated subjects (Municipal Home Rule Law, § 10). A general law is defined as a State statute that in terms and in effect applies alike to all counties, all counties other than those wholly included in a city, all cities, all towns, or all villages (id., § 2 [5]). Section 158 (2) of the Town Law is not a general law in that it does not apply to all towns. We believe that the employment of special policemen is within the authorization for a town to adopt local laws in relation to its property, affairs or government and in relation to the determination of the powers, duties, qualifications, number, mode of selection and other terms and conditions of its officers and employees (Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). We conclude that a town of the second class by local law may supersede the minimum population requirement of section 158 (2) of the Town Law to authorize the employment of special policemen.
Under section 158 of the Town Law special policemen have all the power and authority conferred upon constables by the general laws of the State, and such other powers not inconsistent with law, as are conferred upon them by the town board. While town constables may possess the powers of peace officers (Criminal Procedure Law, § 2.10 [1]), special policemen appointed under section 158 of the Town Law may not by local enactment be given peace officer powers. It is clear from the beginning language of section 2.10 of the Criminal Procedure Law (added by chapter 843 of the Laws of 1980) that the list of peace officers is exclusive:
 "Notwithstanding the provisions of any general, special or local law or charter to the contrary, only the following persons shall have the powers of, and shall be peace officers: * * *".
With the enactment of chapter 843, the Legislature removed peace officer status from any officer possessing it under prior law but not now included in the list of peace officers in section 2.10 of the Criminal Procedure Law. Special policemen are not police officers since they are not sworn officers of an authorized police department of a town (id., § 1.20 [34] [d]). Section 1.20 (34) (d) is a general law that may not be modified or superseded by local law (Municipal Home Rule Law, § 10). Enclosed are copies of our opinions No. 81-49 and No. 81-83, which discuss the impact of chapter 843 of the Laws of 1980 upon the status of certain law enforcement officers.